CLARK HILL LLP
Bradford G. Hughes (SBN 247141)
bhughes@ClarkHill.com
Tiffany B. Hunter (SBN 306382)
thunter@ClarkHill.com
1055 West Seventh Street, Suite 2400
Los Angeles, CA 90017
Telephone:  (213) 891-9100
Facsimile:  (213) 488-1178

Attorneys for Plaintiff  HILAND DAIRY FOODS
COMPANY, LLC

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILAND DAIRY FOODS COMPANY, LLC,<br><br>                              Plaintiff,<br><br>     v.<br><br>BRISA GOODS, LLC, an individual; and DOES 1 through 15, inclusive,<br><br>                              Defendant. | Case No. **'18 CV 2013 W    JMA**<br><br>**COMPLAINT FOR BREACH OF CORPORATE GUARANTY** |

Plaintiff HILAND DAIRY FOODS COMPANY, LLC ("Plaintiff") alleges as follows:

## GENERAL ALLEGATIONS

1.     Plaintiff HILAND DAIRY FOODS COMPANY, LLC is and at all times herein was a limited liability company organized under the laws of the State of Illinois.  Plaintiff HILAND DAIRY FOODS COMPANY, LLC is composed of two members, Dairy Farmers of America, Inc., a corporation organized under the laws of the State of Illinois, and Prairie Farms Dairy, Inc., a corporation organized under the laws of the State of Kansas.  Plaintiff has no other members.

///

2.     Plaintiff is informed and believes and thereon alleges that defendant BRISA GOODS, LLC ("Brisa Goods") is and at all times herein was a limited liability company organized under the laws of the State of Texas.  Plaintiff is informed and believes and thereon alleges that defendant Brisa Goods is composed of two members, Francisco Xavier Bou Claisse, an individual residing in the State of California, and Patricia Davis, an individual residing in the State of California. Plaintiff is informed and believes and thereon alleges that defendant Brisa Goods has no other members.

3.     Plaintiff is unaware of the true names and capacities of DOES 1 through 15, inclusive, and accordingly, sues said defendants by such fictitious names.  Plaintiff is informed and believes, and thereon alleges, that each of said defendants is, in some fashion, responsible for the activities and actions herein alleged.  When the true names and capacities of such fictitiously named defendants are ascertained, Plaintiff will amend this Complaint to allege the same.

4.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, defendants, and each of them, were acting as agents, servants, employees, partners and/or principals of each other and, in committing the acts and omissions alleged hereinafter, were acting within the course and scope of their duty and authority with the permission, knowledge, consent, and ratification of each of the remaining defendants.

5.     On or about February 19, 2016, Francisco Xavier Bou Claisse, the managing member of defendant Brisa Goods, on behalf of Brisagoods de Monterrey, S.A., issued a promissory note to Plaintiff for $4,000,000 United States Dollars (the "Promissory Note").  As part of the Promissory Note, defendant Brisa Goods executed, for valuable consideration, a corporate guaranty wherein it unconditionally guaranteed payment of the principal amount under the Promissory Note (the "Corporate Guaranty").  A true and correct copy of the Promissory Note with the Corporate Guaranty are attached to this Complaint as Exhibit "1".

COMPLAINT FOR BREACH OF CORPORATE GUARANTY
ClarkHill\95649\336820\220150491.v1-8/23/18

6.    Pursuant to the terms of the Promissory Note, Plaintiff was to receive payment of the principal amount in monthly installments beginning on February 16, 2016.   Plaintiff received ten such payments, totaling $850,000.00 United States Dollars, after which time no further payments were made, thereby causing the entire unpaid principal to become due and payable pursuant to the terms of the Promissory Note.

7.    By executing the Corporate Guaranty, defendant Brisa Goods, for valuable consideration, agreed unconditionally to become primarily liable to Plaintiff for the payment of all sums under the Promissory Note.

8.    The Promissory Note provides for an annual rate of eight percent interest until the unpaid principal is paid in full.

9.    Under the Promissory Note the unpaid principal amount of $3,150,000 remains outstanding.

## FIRST CAUSE OF ACTION

(For Breach of Corporate Guaranty against Defendant Brisa Goods)

10.    Plaintiff incorporates by reference paragraphs 1 through 9, inclusive, as though fully set forth herein.

11.    On or about February 19, 2016, defendant Brisa Goods executed, for valuable consideration, a Corporate Guaranty in favor of Plaintiff.   In executing the Corporate Guaranty, defendant Brisa Goods, for valuable consideration, agreed to be primarily liable to Plaintiff for the payment of $4,000,000 United States Dollars under the Promissory Note plus accrued interest thereon.

12.    Plaintiff has performed all the conditions, covenants, and promises required by it on its part to be performed in accordance with the Promissory Note, except for those promises, covenants, and conditions excused by defendant Brisa Goods' breach and nonperformance.

///

///

ClarkHill\95649\336820\220150491.v1-8/23/18

13.     Defendant Brisa Goods is indebted to Plaintiff in the unpaid principal amount of $3,150,000 plus interest at the rate of eight percent per annum generated on the principal amount calculated from November 26, 2016.

14.     Plaintiff has demanded payment from defendant Brisa Goods pursuant to the terms of the Promissory Note but defendant Brisa Goods has failed and refuses to pay Plaintiff.

15.     Defendant Brisa Goods breached the Corporate Guaranty with Plaintiff by failing and refusing to pay Plaintiff the unpaid principal amount of $3,150,000 plus interest due under the Promissory Note at the rate of eight percent per annum generated on the principal amount calculated from November 26, 2016.

16.     As a result of the breach by defendant Brisa Goods, Plaintiff has been damaged in the amount of at least $3,150,000.

17.     As a result of the breach by defendant Brisa Goods, Plaintiff has incurred, and will continue to incur, attorneys' fees.  Pursuant to the terms of the written Promissory Note, Plaintiff is entitled to recover reasonable attorneys' fees and other costs of collection incurred in enforcing the terms of the Corporate Guaranty against defendant Brisa Goods, in sum according to proof at the time of trial.

WHEREFORE, Plaintiff prays for a judgment against defendant as follows:

1.     For actual and compensatory damages in the amount of $3,150,000, plus interest at the rate of eight percent per annum generated on the principal amount calculated from November 26, 2016;

2.     For reasonable attorneys' fees pursuant to the written Promissory Note;

3.     For costs of suit incurred herein;

///

///

///

1        4.     For other such and further relief as the Court may deem just and

2 proper.

3 Dated:  August 24, 2018             CLARK HILL LLP

4

5

6                            By: _____
                                Bradford G. Hughes

7                                 Tiffany B. Hunter

8                      Attorneys for Plaintiff  HILAND DAIRY
                     FOODS COMPANY, LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

ClarkHill\95649\336820\220150491.v1-8/23/18

# EXHIBIT 1

ANEXO 2)

# PAGARÉ

## PROMISSORY NOTE

**$4,000,000.00 Dólares Americanos**                    **U.S.$4,000,000.00**

### I.

POR VALOR RECIBIDO, **BRISAGOODS DE MONTERREY, S.A. DE C.V.**, con domicilio en Versalles No. 16, Desp. 302, Col. Juárez, 06600 México, D.F., MÉXICO (el "**Suscriptor**") por el presente pagaré (el "**Pagaré**"), promete incondicionalmente pagar a la orden de Hiland Dairy Foods Company, LLC o a su sucesor o cesionario, en el domicilio ubicado en 1201 East Kearney, Springfield, Missouri 65801-2270, Estados Unidos de América (el "**Acreedor**"), la suma principal de Cuatro Millones 00/100 Dólares, moneda de curso legal de los Estados Unidos de América ("**Dólares Americanos**") (US$4,000,000.00 Dólares Americanos), en vencimientos sucesivos mensuales, como se estipula más adelante, en cada Fecha de Pago.

Para los efectos del presente Pagaré, (a) "**Fecha de Pago**" significará el día 26 de cada mes de calendario, comenzando con el día 26 de febrero de 2016, en el entendido de que si cualquier día 26 no sea un Día Hábil, la Fecha de Pagos será el Día Hábil inmediatamente después del día 26; y (b) "**Día Hábil**" significará cualquier día, salvo los sábados, domingos o cualquier otro día en que los bancos comerciales en Springfield, Missouri están autorizados o se les requiere por ley cerrar.

FOR VALUE RECEIVED, **BRISAGOODS DE MONTERREY, S.A. DE C.V.**, located at Versalles No. 16, Desp. 302, Col. Juárez, 06600 México, D.F., MÉXICO (the "**Maker**") hereby unconditionally promises to pay by this promissory note (the "**Note**") to the order of Hiland Dairy Foods Company, LLC or its successor or assign, at the address located at 1201 East Kearney, Springfield, Missouri 65801-2270, United States of America (the "**Creditor**"), the principal sum of Four Million U.S. Dollars in lawful currency of the United States of America ("**U.S. Dollars**") (U.S.$4,000,000.00), in consecutive monthly installments as hereinafter provided, on each Payment Date.

For purposes of this Note, (a) "**Payment Date**" shall mean the 26th day of each calendar month, commencing on February 26, 2016, provided that if any such day shall not be a Business Day, the Payment Date shall be the next succeeding Business Day; and (b) "**Business Day**" shall mean a day other than a Saturday, Sunday or other day on which commercial banks in Springfield, Missouri are authorized or required by law to close.

### II.

La suma principal de este Pagaré será pagada en cuarenta y uno (41) exhibiciones mensuales consecutivas, que serán exigibles en cada Fecha de Pago, de conformidad con lo siguiente:

The principal hereof shall be paid in forty-one (41) consecutive monthly principal payments, which shall be due on successive Payment Date, as follows:

| Payment Date (month/day/year) Fecha de Pago (mes/día/año) | Principal Payment Amount/ Monto de Pago de Principal US Dollars /Dólares EUA | Remaining Balance of Principal / Balance de Principal US Dollars / Dólares EUA |
|---|---|---|
| 2/26/2016 | US$ 85,000.00 | US$ 3,915,000.00 |
| 3/26/2016 | US$ 85,000.00 | US$ 3,830,000.00 |
| 4/26/2016 | US$ 85,000.00 | US$ 3,745,000.00 |
| 5/26/2016 | US$ 85,000.00 | US$ 3,660,000.00 |
| 6/26/2016 | US$ 85,000.00 | US$ 3,575,000.00 |
| 7/26/2016 | US$ 85,000.00 | US$ 3,490,000.00 |

Rúbricas/Initials:

Brisagoods de Monterrey / Brisa Goods, LLC

| | | |
|---|---|---|
| 8/26/2016 | US$ 85,000.00 | US$ 3,405,000.00 |
| 9/26/2016 | US$ 85,000.00 | US$ 3,320,000.00 |
| 10/26/2016 | US$ 85,000.00 | US$ 3,235,000.00 |
| 11/26/2016 | US$ 85,000.00 | US$ 3,150,000.00 |
| 12/26/2016 | US$ 85,000.00 | US$ 3,065,000.00 |
| 1/26/2017 | US$ 85,000.00 | US$ 2,980,000.00 |
| 2/26/2017 | US$ 110,000.00 | US$ 2,870,000.00 |
| 3/26/2017 | US$ 110,000.00 | US$ 2,760,000.00 |
| 4/26/2017 | US$ 110,000.00 | US$ 2,650,000.00 |
| 5/26/2017 | US$ 110,000.00 | US$ 2,540,000.00 |
| 6/26/2017 | US$ 110,000.00 | US$ 2,430,000.00 |
| 7/26/2017 | US$ 90,000.00 | US$ 2,340,000.00 |
| 8/26/2017 | US$ 90,000.00 | US$ 2,250,000.00 |
| 9/26/2017 | US$ 90,000.00 | US$ 2,160,000.00 |
| 10/26/2017 | US$ 90,000.00 | US$ 2,070,000.00 |
| 11/26/2017 | US$ 90,000.00 | US$ 1,980,000.00 |
| 12/26/2017 | US$ 90,000.00 | US$ 1,890,000.00 |
| 1/26/2018 | US$ 90,000.00 | US$ 1,800,000.00 |
| 2/26/2018 | US$ 110,000.00 | US$ 1,690,000.00 |
| 3/26/2018 | US$ 110,000.00 | US$ 1,580,000.00 |
| 4/26/2018 | US$ 110,000.00 | US$ 1,470,000.00 |
| 5/26/2018 | US$ 110,000.00 | US$ 1,360,000.00 |
| 6/26/2018 | US$ 110,000.00 | US$ 1,250,000.00 |
| 7/26/2018 | US$ 95,000.00 | US$ 1,155,000.00 |
| 8/26/2018 | US$ 95,000.00 | US$ 1,060,000.00 |
| 9/26/2018 | US$ 95,000.00 | US$ 965,000.00 |
| 10/26/2018 | US$ 95,000.00 | US$ 870,000.00 |
| 11/26/2018 | US$ 95,000.00 | US$ 775,000.00 |
| 12/26/2018 | US$ 95,000.00 | US$ 680,000.00 |
| 1/26/2019 | US$ 95,000.00 | US$ 585,000.00 |
| 2/26/2019 | US$ 115,000.00 | US$ 470,000.00 |
| 3/26/2019 | US$ 115,000.00 | US$ 355,000.00 |
| 4/26/2019 | US$ 115,000.00 | US$ 240,000.00 |
| 5/26/2019 | US$ 115,000.00 | US$ 125,000.00 |
| 6/26/2019 | **US$ 125,000.00** | 00.00 |

**TOTAL:**      **U.S.$ 4,000,000.00**

En caso de mora en el pago de cualquier parcialidad de este Pagaré, las cantidades no pagadas causarán intereses moratorios calculados en base a la tasa que resulte inferior entre (i) el 8% (dieciocho por ciento) 8% anual; y (ii) la tasa de interés más alta permitida por las leyes aplicables en el Estado de Missouri, Estados Unidos de América.

Los intereses pagaderos bajo este Pagaré serán calculados sobre la base de un año de trescientos sesenta (360) días y el número de días transcurridos, incluyendo el primer día pero excluyendo el último día.

In case of delay in payment of any installment of this Note, the unpaid amounts thereof will generate late interest at the lesser of (i) 8% (eighteen percent) per 8% annum; or (ii) the highest interest rate allowed by the applicable laws of the State of Missouri, United States of America.

Interest hereunder shall be calculated on the basis of a year of three hundred sixty (360) days and actual days elapsed, including the first day but excluding the last day.

6628382.10/SP/28061/0100/021516

Rúbricas/Initials:

Brisagoods de Monterrey / Brisa Goods, LLC   / FXBC

**III.**

Todos los pagos recibidos al amparo de este Pagaré serán aplicados en la forma y orden de prioridad determinados a discreción del Acreedor.

All payments received hereunder shall be applied in the manner and order of priority determined by the Creditor in its sole discretion.

**IV.**

Tanto la suma principal como (si son aplicables) los intereses de este Pagaré son pagaderos en moneda de curso legal de los Estados Unidos de América, con fondos de disposición inmediata y de libre transferencia a más tardar a las 12:00 P.M. (hora de la Ciudad de Springfield, Missouri) en las fechas correspondientes, sin deducción alguna de o a cuenta de cualquier impuesto, derecho u otro recargo presente o futuro, establecidos o gravados sobre este Pagaré, sus rendimientos o de Acreedor, por el Gobierno de los Estados Unidos Mexicanos o cualquiera de sus entidades políticas o por cualquier otra jurisdicción o por cualquier subdivisión política de ésta, desde donde se remita cualquier pago al amparo del presente Pagaré, o por cuenta de cualquier otra restricción o condición de cualquier naturaleza.

Both the principal of and (if applicable) the interest on this Note are payable in lawful money of the United States of America in immediately available and freely transferable funds no later than 12:00 P.M. (Springfield, Missouri time) on the corresponding dates on which due, without deduction for or on account of any present or future tax, duty, or other charge levied or imposed on this Note or the proceeds thereof or the Creditor hereof by the Government of the United Mexican States or of any political subdivision thereof or by any other jurisdiction, or by any political subdivision thereof, from which any payment due hereunder is remitted or on account of any other restrictions and conditions of whatever nature.

**V.**

La suma principal de este Pagaré podrá ser prepagada en su totalidad o en parte sin el previo consentimiento del Acreedor.

The principal of this Note may be prepaid in full or in part without the prior consent of the Creditor.

**VI.**

En caso de incumplimiento en el pago total y puntual de cualquier pago de la suma principal o de los intereses de este Pagaré, el monto total de la suma principal insoluta de este Pagaré serán inmediatamente considerados como devengados y serán pagaderos a opción y al requerimiento de cualquier tenedor de este Pagaré.

Upon default in the prompt and full payment of any installment of principal hereof or the interest on this Note, the entire outstanding principal amount hereof shall immediately become due and payable at the option and upon the demand of any holder hereof.

**VII.**

Este Pagaré se considerará emitido bajo las leyes de los Estados Unidos Mexicanos, particularmente por la Ley General de Títulos y Operaciones de Crédito, y para todos los efectos se interpretará de conformidad con las leyes de dicho país; en el entendido, sin embargo, que para cualquier acción o procedimiento legal interpuesto en relación a este Pagaré en los tribunales judiciales de los Estados Unidos de América en el Estado de Missouri o en cualquiera de sus subdivisiones políticas, el presente Pagaré se considerará emitido conforme a las leyes del Estado

This Note shall be deemed to be made under the laws of the United Mexican States, in particular under the General Law of Credit Instruments and Transactions, and for all purposes shall be construed in accordance with the laws of such country; provided, however that for any legal action or proceeding brought with respect to this Note in the courts of the United States of America in the State of Missouri, or any political subdivision thereof, this Note shall be deemed to be made under the laws of the State of Missouri, United States of America and for such purposes shall be

Rúbricas/Initials:

Brisagoods de Monterrey / Brisa Goods, LLC / EXBC

de Missouri, Estados Unidos de América y para tales efectos se interpretará de conformidad con las leyes del Estado de Missouri, Estados Unidos de América.

construed in accordance with the laws of the State of Missouri, United States of America.

## VIII.

En lo referente a cualquier acción o procedimiento legal relacionado con este Pagaré, el Suscriptor, cada Avalista y cada otro signatario de este Pagaré, se someten expresamente a cualquier Corte Estatal en el Condado de Greene, Springfield, Missouri, Estados Unidos de América, o de cualquier Corte Federal de Distrito de los Estados Unidos de América en Kansas City, Missouri, o a cualquier tribunal competente en la Ciudad de México, Distrito Federal, Estados Unidos Mexicanos, o a los tribunales del domicilio del Suscriptor o de cualquiera de los Avalistas, a elección de cualquiera de los tenedores de este Pagaré, por lo tanto renuncian expresamente a cualquier otra jurisdicción a que pudieran tener derecho, incluyendo pero no limitado, a cualquier jurisdicción por razón de sus actuales o futuros domicilios o por razón del lugar de pago de este Pagaré o por cualquier otra razón.

For any legal action or proceeding with respect to this Note, the Maker, each Guarantor and each other signatory hereof expressly submit themselves to any state court in Greene County, Springfield, Missouri, United States of America or any Federal District Court of the United States of America in Kansas City, Missouri, or to any competent court in Mexico City, Federal District, United Mexican States, or to the courts of the domicile of the Maker or any of the Guarantors, at the election of any of the holders hereof, therefore they waive expressly any other jurisdiction to which they may have a right, including, but not limited to, every jurisdiction by reason of their present or future domiciles or by reason of the place of payment of this Note or by any other reason.

## IX.

En la medida más amplia permitida por la ley, el Suscriptor conviene en pagar tan pronto le sean solicitados, todos los costos y gastos, incurridos por el tenedor de este Pagaré en relación a la ejecución de este Pagaré, incluyendo pero no limitado a: (i) honorarios razonables de abogados y (ii) gastos relacionados a lo anterior.

To the maximum extent permitted by law, the Maker agrees to pay on demand all costs and expenses of the holder hereunder that are incurred in connection with the enforcement of this Note, including, but not limited to, (i) reasonable attorneys fees and, (ii) expenses related thereto.

## X.

Este Pagaré se firma en versiones en inglés y español, las cuales obligan a las partes; en el entendido, sin embargo, que en caso de duda con respecto a la interpretación y entendimiento de este Pagaré, el texto en español prevalecerá en todo caso, con la excepción de que el texto en inglés será el que rija en cualquier acción o procedimiento legal interpuesto en relación a este Pagaré en los tribunales judiciales de los Estados Unidos de América en Estado en el Estado de Missouri o ante cualquiera de sus subdivisiones políticas.

This Note has been executed in both English and Spanish versions, both of which shall bind the parties; provided, however, that in the case of doubt as to the proper interpretation and construction of this Note, the Spanish text shall be controlling in all cases, except that the English text shall be controlling in any legal action or proceeding brought with respect to the Note in the courts of the United States of America in the State of Missouri or any political subdivision thereof.

## XI.

El Suscriptor en este acto renuncia a toda demanda, diligencia, presentación, protesto, rechazo con relación a este Pagaré y notificación de cualquier tipo y garantiza al tenedor que toda acción y autorizaciones

The Maker hereby waives demand, diligence, presentment, protest, dishonor with respect to this Note and notice of every kind, and warrants to the holder that all action and approvals required for the

Rúbricas/Initials:

Brisagoods de Monterrey / Brisa Goods, LLC  / FXBC

requeridas para la ejecución y suscripción de este Pagaré como una obligación legal, válida y obligatoria de los Suscriptores exigible de conformidad con los términos de este Pagaré, ha sido debidamente tomada y obtenida. En la medida más amplia permitida por la ley, el Suscriptor también renuncia a cualquier defensa que pudiera tener y a todas las defensas como garante o fiador que pudieran tener derecho ya sea por ley o por cualquier otra razón. La omisión por cualquier tenedor de este Pagaré de ejercer cualquiera de sus derechos al amparo de este Pagaré en cualquier instancia, no constituirá renuncia a dichos derechos ya sea bajo este título o en cualquier otra instancia.

execution and delivery hereof as a legal, valid and binding obligation of the undersigned, enforceable in accordance with the terms hereof, have been duly taken and obtained. To the extent permitted by law, the Maker also waives all defenses of the Makers and all defenses of a surety or guarantor to which they might be entitled by statute or otherwise. The failure of any holder hereof to exercise any of its rights hereunder in any instances shall not constitute a waiver thereof in that or any other instance.

**XII.**

El Suscriptor amplía el plazo de presentación del pago de este Pagaré hasta el día 31 de diciembre de 2019, sin que esto prohíba o limite su presentación del pago de este Pagaré para pago previo a dicha fecha.

The Maker extends the term for presentment of this Note for payment until December 31, 2019, without thereby prohibiting or limiting its presentment for payment prior to such date.

**XIII.**

Si el Acreedor de esta Pagaré omite ejercer cualquiera de sus derechos derivados de este Pagaré en cualquier instancia, no constituirá una renuncia a tales derechos, ya sea en esa o en cualquier otra instancia.

The failure of the Creditor hereof to exercise any of its rights hereunder in any instance shall not constitute a waiver thereof in that or any other instance.

Springfield, Missouri, E.U.A. – Springfield, Missouri, U.S.A.
a 19 de febrero de 2016 – February 19, 2016

**SUSCRIPTOR / MAKER**
**BRISAGOODS DE MONTERREY, S.A. DE C.V.**

Por/By: Francisco Xavier Bou Claisse
Puesto/Title: Representante Legal/Legal Representative

POR AVAL (Unconditionally guaranteed by)

**BRISA GOODS, L.L.C.**

Por/By: Francisco Xavier Bou Claisse
Puesto/Title: Socio Gerente/Managing Member

Francisco Xavier Bou Claisse

Rúbricas/Initials:

Brisagoods de Monterrey / Brisa Goods, LLC   / FXBC

6628382.10/SP/28061/0100/021516